lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**       )<br>                                                          )<br>       **Plaintiff/Respondent,**           )<br>                                                          )<br>vs.                                                    )<br>                                                          )<br>                                                          )<br>**MICHAEL WAYNE WRIGHT,**        )<br>                                                          )<br>       **Defendant/Petitioner.**             )<br>                                                          )<br>_____ ) | Case No. 05-3389-JAR<br>               02-40146-JAR |

## MEMORANDUM AND ORDER GRANTING MOTION UNDER 28 U.S.C. § 2255

This matter is before the Court on petitioner Michael Wayne Wright's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc 82). For the reasons explained below, the Court grants petitioner's motion.

Petitioner pled guilty to distribution of 113.4 grams of methamphetamine. The Presentence Report ("PSR") classified petitioner a career offender under U.S.S.G. § 4B1.1, finding petitioner's prior aggravated assault and aggravated escape felonies to be crimes of violence. Petitioner's objection to the career offender classification was overruled at sentencing along with his request for a downward departure to a 100-month sentence. Petitioner was sentenced under the then mandatory Federal Sentencing Guidelines to 188 months' imprisonment. In so ruling, the Court stated, "I'm going to exercise my discretion and not grant the motion [for] the departure and hopefully [after] the 188 months, which is the bottom of the range I can give him without a departure, . . . hoping that even with that long a period of incarceration that he will emerge as a mature man and as a new man and somebody that is not

wanting to go back and repeat the stupid mistakes of youth and young adulthood."

Petitioner appealed to the Tenth Circuit Court of Appeals, which affirmed this Court's ruling that as a matter of law petitioner satisfied the criteria of a career offender.[1]  Petitioner filed a petition for writ of certiorari with the United States Supreme Court on June 23, 2004, which was denied October 4, 2004.  The instant motion followed.

The government concedes that petitioner has timely raised a non-constitutional *Booker* error.[2]  Petitioner argues that because he was sentenced at the bottom of the Guidelines range, it is impossible to know whether this Court would have departed further below that range in a post-*Booker* regime in which the Guidelines are advisory.  The government responds that, using a harmless error standard of review, it is apparent in this case that the mandatory nature of the Guidelines had little, if anything, to do with the Court's determination of petitioner's sentence.[3]  Nevertheless, the government notes that there is some support for petitioner's position that a remand for resentencing is necessary, based on the Tenth Circuit's indication in *United States v. Labastida-Segura* that a court's sentence at the bottom of the applicable Guideline range, without exercising its discretion to depart from the applicable Guideline range, "places us in the zone of speculation and conjecture."[4]

Out of an abundance of caution, the Court grants petitioner's motion for resentencing.  Although the circumstances of sentencing in this case are somewhat distinguishable from

---

[1]*United States v. Wright*, 89 F. App'x 195 (10th Cir. 2004).

[2]*United States v. Gonzalez-Huerta*, 403 F.3d 727, 731-32 (10th Cir. 2005) (en banc) (citing *United States v. Booker*, 543 U.S. 220, 267 (2005)).

[3]*See United States v. Labastida-Segura*, 396 F.3d 1140 (10th Cir. 2005).

[4]*Id*. at 1143.

*Labastida-Segura* in that the Court elected not to depart based on petitioner's background, criminal history and recidivist tendencies, the fact that the sentence was at the bottom of the Guidelines range without the Court specifying an identical alternative sentence in the event the Guidelines were found unconstitutional indicates that the Tenth Circuit would likely view this case as appropriate for remand.[5]

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 82) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this  13th  day of February 2008.

 S/ Julie A. Robinson
**JULIE A. ROBINSON**
**UNITED STATES DISTRICT JUDGE**

---

[5]*See, e.g., United States v. Cordova-Arevalo*, 456 F.3d 1229, 1235 (10th Cir. 2006) (finding district court's issuance of identical alternative sentence eliminates any speculation as to what sentence court would impose on remand); *United States v. Serrano-Dominguez*, 406 F.3d 1221, 1224 (10th Cir. 2005) (relying on district court's expression of an alternative sentence in determining that *Booker* error was harmless); *United States v. Stephenson*, 159 F. App'x 50, 52-53 (10th Cir. 2005) (remanding where district court sentenced defendant at the bottom of the Guidelines range without stating on the record that it would have imposed the same or higher sentence under a non-mandatory scheme); *United States v. Contreras-Bustamante*, 137 F. App'x 173, 175 (10th Cir. 2005) (same); *cf. United States v. Zuniga-Chavez*, 464 F.3d 1199, 1202 (10th Cir. 2006) (finding no speculation as to what district court would have done absent mandatory application of the Guidelines because the court specifically stated that it would impose the same sentence if the Guidelines were found unconstitutional); *United States v. Corchado*, 427 F.3d 815, 821 (10th Cir. 2005) (same).